

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KING VISION PAY-PER VIEW LTD. | § § § | |
| VS. | § § | CIVIL ACTION NO. H-02-0843 |
| NICK MARIS, DEFENDANT AND P.M.E. CORPORATION, DOING BUSINESS AS SPORTSMEN'S CAFÉ, DEFENDANTS | § § § § § § § § | B:03-021 |

DEFENDANT, P.M.E. CORPORATION, D/B/A SPORTSMENS CAFÉ'S, MEMORANDUM OF LAW REGARDING CORPORATION APPEARING PRO SE THROUGH CORPORATE OFFICER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, P.M.E. Corporation, d/b/a Sportsmens Café, files the following as its memorandum of law regarding a corporation appearing *pro se* through a corporate officer.

### A. Issue

1. May a corporation appear pro se in federal court through a corporate officer?

### B. Argument And Authorities

2. A corporation cannot appear *pro se* in federal court. Although the case involved the question of whether or not an association could proceed in *forma pauperis*, the Supreme Court in the case of *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 stated that it has been the law for the better part of two centuries that a corporation may appear in federal courts only

      through licensed counsel. Citing *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed.204 (1824) and *Turner v. American Bar Assn.*, 407 F.Supp. 451, 476 (ND Tex. 1975).

3. The language in *Rowland* is consistent with the holdings in *K.M.A., Inc. v. General Motors Acceptance Corporation*, 652 F.2d 398, 399 (5th Cir. 1981); *Southwest Express Co., Inc. v. Interstate Commerce Commission*, 670 F.2d 53,55 (5th Cir. 1982; and *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984). In those cases the Fifth Circuit Court of Appeals repeatedly found that a corporation is a fictional person and as such can only be represented by licensed counsel. That is the case regardless of how close the individual's association is with the corporation, *Southwest Express Co., Inc. v. Interstate Commerce Commission, supra at 56,* or even if the person is the president and major stockholder of the corporation. *K.M.A., Inc. v. General Motors Acceptance Corporation, supra at 399.*

4. Although a corporation may not proceed *pro se* in federal court, the fact that the corporation's initial pleadings are filed by someone other than a licensed attorney does not appear to automatically result in the corporation being in a default situation. In *Donovan v. Road Rangers Country Junction, Inc., supra at 1005,* the court stated that the district judge properly struck the defenses of the corporation after the court had directed the appellant that counsel be hired to represent the corporation since she was not an attorney and could not represent the corporation.

5. In *K.M.A., Inc. v. General Motors Acceptance Corporation*, 652 F.2d 398, 399 (5th Cir. 1981) the sole stockholder, a non-attorney, filed a notice of appeal for K.M.A. from the district court's adverse finding and sought to proceed *pro se* on behalf of the corporation. General Motors Acceptance Corporation filed a motion to dismiss K.M.A.'s appeal because the notice of appeal was not signed by an attorney. Although the court said that the law was quite clear that a corporation as a fictional legal person could only be represented by licensed counsel, it was not clear whether the filing of the corporation's notice of appeal by a non-attorney was sufficient to deprive the court of its jurisdiction. The court granted the motion to dismiss unless within thirty days of the court's order, a licensed attorney entered his/her appearance on behalf of the corporation. In which case the appeal would not be dismissed.

6.  In *Robinette v. Merrill Lynch*, 1998 WL 641815 (N.D. Tex. 1998), the court was faced with the issue of whether or not a shareholder could proceed *pro se* in a derivative suit for a corporation. The court, citing *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) and *K.M.A., Inc. v. General Motors Acceptance Corporation*, 652 F.2d 398, 399 (5th Cir. 1981) first found that in federal court a corporation is not permitted to proceed *pro se*. The court then went on to state that when a corporation declines to hire counsel to represent it the court may properly dismiss its claims. The court ordered that unless within thirty days of the date that the court's opinion was filed Robinette caused counsel to enter a written appearance with the clerk of court that the action would be dismissed.

### C. Conclusion

There is no doubt that a corporation cannot proceed in federal court *pro se*, but must be represented by licensed counsel. However, it also appears to be the general rule that before the pleadings of the pro se corporation are stricken, or other adverse action taken by the court, that the corporation be given a reasonable period of time to secure representation by an attorney that is properly licensed and authorized to practice before that particular federal court.

Respectfully submitted,

John W. Belk
SBOT #02066500
Fed. ID #5984
1001 McKinney, Suite 1400
\Houston, Texas 77002
Telephone: 713.374.7025
Facsimile: 713.374.7049
Attorney In Charge for Defendant,
**P.M.E Corporation d/b/a Sportsmens Cafe**

Of Counsel
SHEINESS, SCOTT, GROSSMAN
& COHN, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, via certified mail, return receipt requested; facsimile; or by courier, on this the 15th day of October, 2002.

*John W. Belk*
John W. Belk