## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

OCT 1 7 2002

Michael N. Milby, Clerk

C.H.

| | |
|---|---|
| KING VISION PAY-PER VIEW LTD. | § § § |
| VS. | § § |
| NICK MARIS, DEFENDANT AND P.M.E. CORPORATION, DOING BUSINESS AS SPORTSMEN'S CAFÉ, DEFENDANTS | § § § § § § § § |

CIVIL ACTION NO. H-02-0843

B-03-021

## DEFENDANT, P.M.E. CORPORATION, D/B/A
## SPORTSMENS CAFÉ'S, FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant, **P.M.E. Corporation d/b/a Sportsmens Café,** files this First Amended Original Answer to Plaintiff's Original Complaint and would respectfully show the following:

### ANSWER TO PLAINTIFF'S ALLEGATIONS

#### Summary of Facts

Defendant admits the first sentence of this paragraph. Defendant lacks sufficient information to admit or deny the factual allegations set forth in the second and third sentences of this paragraph. Therefore, Defendant denies the factual allegations of these sentences. Defendant denies the fourth and fifth sentences of this paragraph. Defendant lacks sufficient information to admit or deny the factual allegation set forth in the last sentences of this paragraph as the statutes to which Plaintiff is referring are not specifically identified. Therefore, Defendant denies the

1

25

factual allegation of the last sentence of this paragraph.

## Jurisdiction

1.  Defendant admits that Plaintiff brings suit for alleged pirating of a pay-per-view boxing match and asserts a cause of action under Section 705 of the Communications Act of 1934, as amended, 47 U.S.C. 553 and 605.

2.  Defendant admits that this Court has subject matter jurisdiction over Plaintiff's cause of action under Section 705 of the Communications Act of 1934, as amended, 47 U.S.C. 553 and 605.

3.  Defendant admits that venue is proper in the Southern District of Texas as Plaintiff alleges that its claims arose in this district. Defendant denies that Plaintiff's claims are valid or have any merit.

## The Parties:

4.  Defendant l acks s ufficient i nformation t o a dmit o r d eny t he f actual allegations set forth in the first sentence of Paragraph 4 of Plaintiff's Original Complaint. Therefore, Defendant denies the factual allegations as set forth in the first sentence of Paragraph 4 of Plaintiff's Original Complaint. Defendant admits that P.M.E. Corporation is authorized to and does business as Sportsmens Café. Defendant denies the remaining portion and factual allegations of Paragraph 4 of Plaintiff's Original Complaint.

5.  Defendant denies the factual allegations as set forth in the first sentence of Paragraph 5 of Plaintiff's Original Complaint. Defendant admits the factual allegations of the second sentence of Paragraph 5 of Plaintiff's Original Complaint.

## Preliminary Background

6.  Defendant l acks s ufficient i nformation t o a dmit o r d eny t he f actual allegations set forth in Paragraph 6 of Plaintiff's Original Complaint.

Therefore, Defendant denies the factual allegations as set forth in Paragraph of Plaintiff's Original Complaint.

7.    Defendant lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 7 of Plaintiff's Original Complaint. Therefore, Defendant denies the factual allegations as set forth in Paragraph 7 of Plaintiff's Original Complaint.

8.    Defendant lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 8 of Plaintiff's Original Complaint. Therefore, Defendant denies the factual allegations as set forth in Paragraph 8 of Plaintiff's Original Complaint.

9.    Defendant lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 9 of Plaintiff's Original Complaint. Therefore, Defendant denies the factual allegations as set forth in Paragraph 9 of Plaintiff's Original Complaint.

10.   Defendant lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 10 of Plaintiff's Original Complaint. Therefore, Defendant denies the factual allegations as set forth in Paragraph 10 of Plaintiff's Original Complaint.

11.   Defendant lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 11 of Plaintiff's Original Complaint. Therefore, Defendant denies the factual allegations as set forth in Paragraph 11 of Plaintiff's Original Complaint.

12.   Defendant lacks sufficient information to admit or deny the factual allegations set forth in Paragraph 12 of Plaintiff's Original Complaint. Therefore, Defendant denies the factual allegations as set forth in Paragraph 12 of Plaintiff's Original Complaint.

13.   Defendant denies the allegations of Paragraph 13 of Plaintiff's Original Complaint.

14.   Defendant denies the allegations of Paragraph 14 of Plaintiff's Original

Complaint.

15.   Defendant denies the factual allegations of Paragraph 15 of Plaintiff's Original Complaint.

16.   Defendant denies the factual allegations of Paragraph 16 of Plaintiff's Original Complaint.

17.   Defendant denies the allegations of Paragraph 17 of Plaintiff's Original Complaint.

18.   No response necessary.

## Count I Violation of 47 U.S.C. 553

19.   Defendant admits that the cited statute contains the language set out in Paragraph 19 of Plaintiff's Original Complaint.

20.  Defendant denies the factual allegations of Paragraph 20 of Plaintiff's Original Complaint.

21.   Defendant admits that the cited statute contains the language set out in Paragraph 19 of Plaintiff's Original Complaint.

22.   Defendant denies the allegations of Paragraph 22 of Plaintiff's Original Complaint.

23.   Defendant denies the allegations of Paragraph 23 of Plaintiff's Original Complaint.

24.   Defendant denies the allegations of Paragraph 24 of Plaintiff's Original Complaint.

25.  Defendant denies that Plaintiff is entitled to any damages as alleged in Paragraph 25 (a), (b) and/or (c) of Plaintiff's Original Complaint.

4

## Count II Violation of 47 U.S.C. 605

26.     Defendant admits that the cited statute contains the language set out in Paragraph 26 of Plaintiff's Original Complaint.

27.  Defendant denies the allegations of Paragraph 27 of Plaintiff's Original Complaint.

28.     Defendant admits that the cited statute contains the language set out in Paragraph 28 of Plaintiff's Original Complaint.

29.     Defendant denies the factual allegations of paragraph 29 of Plaintiff's Original Complaint.

30.  Defendant denies the allegations set forth in Paragraph 30 of Plaintiff's Original Complaint.

31.     Defendant denies the allegations of Paragraph 31 of Plaintiff's Original Complaint.

32.     Defendant denies the allegations and requests of Plaintiff's prayer for judgment against Defendant.

## Defenses

33.     Defendant further pleads, if such be necessary, and pleading in the alternative, that Plaintiff fails to state a claim or cause of action upon which relief can be granted.

34.     Defendant further pleads, if such be necessary, and pleading in the alternative, that the acts about which Plaintiff complains were caused by reasonable factors other than the wrongful interception, reception, transmission, divulging, and/or publishing of the Evander Holyfield vs. Lennox Lewis fight.

35.     Defendant further pleads, if such be necessary, and pleading in the alternative, that Plaintiff's claims are barred by the applicable statutes

of limitation.

36.    Defendant alternatively invokes its rights under the due process clause of the Fifth and/or Fourteenth Amendments to the United States Constitution, and alleges that any award of punitive damages would violate the due process clauses of the Fifth and Fourteenth Amendments inasmuch as follows:

(a)    punitive damages can be assessed in an amount left to the discretion of the jury and judge;

(b)    in assessing such penalty or exemplary awards, a plaintiff need not prove a defendant's conduct on a standard of "beyond a reasonable doubt" as should be required in assessing a punishment award;

(c)    defendants that are subject to the award do not have the right to refuse to testify against themselves, but must in fact take the stand and/or give deposition testimony or subject themselves to the consequences of a default judgment;

(d)    the assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific *mens rea* requirement and/or other prerequisites of a criminal fine and in effect allows the assessment of such awards even though there are not specific standards, limits, or other statutory requirements set forth that define the *mens rea* and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process, and

(e)    a defendant is subject to all of the hazards and risks of what amounts to a fine, but a defendant does not receive the basic rights accorded to criminal defendants when being subjected to possible criminal penalties.

(f)

**Defendant's Prayer**

For these reasons, Defendant requests the Court to enter judgment:

1. That Plaintiff take nothing;

2. Dismissing Plaintiff's suit with prejudice;

3. Assessing costs against Plaintiff;

4. Awarding Defendant its attorney's fees; and

5. Award Defeat all other relief to which it is entitled.

Respectfully submitted,

John W. Belk
SBOT #02066500
Fed. ID #5984
1001 McKinney, Suite 1400
Houston, Texas 77002
Telephone: 713.374.7025
Facsimile:  713.374.7049
Attorney In Charge for Defendant,
**P.M.E Corporation d/b/a**
**Sportsmens Cafe**

Of Counsel
SHEINESS, SCOTT, GROSSMAN
& COHN, L.L.P.

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, via certified mail, return receipt requested; facsimile; or by courier, on this the 16th day of October, 2002.

John W. Belk

8